Docket No  1:03-CV-237 LEK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

In re:

AMY ROWE

           Debtor

STATE EMPLOYEES FEDERAL CREDIT UNION

           APPELLANT

v.

AMY ROWE

           APPELLEE

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
MAR 13 2003

LAWRENCE K. BAERMAN, CLERK
ALBANY

APPELLANT'S BRIEF

Dated: March 11, 2003

Douglas M. Fisher bar #101653
Solomon and Solomon, P.C.
Attorney for Appellant
5 Columbia Circle
Albany NY 12203
518 456-7200

# TABLE OF CONTENTS

STATEMENT OF CASES AND STATUTORY AUTHORITY             i

I      JURISDICTION OF THE COURT                          1

II     STATEMENT OF ISSUES PRESENTED AND STANDARD
       OF REVIEW                                          1

III    STATEMENT OF THE CASE                              1

IV    THE MATTER IS NOT MOOT BECAUSE THE CREDIT
UNION CAN STILL RECOVER THE VEHICLE AND THE
FACT PATTERN IS RECURRING                              2

V     THE BANKRUPTCY COURT ERRED AS A MATTER OF
LAW BY DIRECTING THE CREDIT UNION TURN OVER A
VEHICLE RECOVERED PRE PETITION UPON PAYMENT
OF ADEQUATE PROTECTION INSTEAD OF REDEMPTION           3

CONCLUSION                                             11

## STATEMENT OF CASES AND STATUTORY AUTHORITY

Banker's Trust Co of Western NY v Steenburn, 95 Misc2d 967

    (Sup Ct Chautauqua Cty 1978)

        affirmed 70 A.D.2d 786 (4th Dept 1979)         8

Bell v Alden Owners, Inc 199 B.R. 451 (S.D.N.Y. 1986)         8

In Re Alberto, 271 B.R. 223 (N.D.N.Y. 2001)         5,6,7

In Re Barringer, 244 B.R. 402 (Bankr E.D. Mich 1999)         6

In Re Boodrow, 126 F.3d 43 (2nd Cir 1997)         3

In Re Cohoes Indus Terminal Inc, 62 B.R. 369 (Bkrtcy S.D.N.Y. 1986)

    aff'd 70 B.R. 214 (S.D.N.Y. 1986)

    aff'd 831 F.2d 283 (2nd Cir 1987)         9

In Re Continental Airlines, 203 F.3d 203 (3rd Cir 2000)         10

In Re Excello Press, 83 B.R. 539 (Bkrtcy N.D. Ill 1988)         8

In Re Galasso, 249 B.R. 55 (Bkrtcy S.D.N.Y. 2000)         8

In Re Glenn, 760 F2d 1428 (6th Cir 1985)         9

In Re Ionosphere Clubs, Inc, 922 F.2d 984 (2nd Cir 1990)         2

In Re Massachusetts Automatic Transmissions, Inc, 35 B.R. 328

    (Bkrtcy D. Mass 1983)         8

In Re Morristown & Railroad Co. 885 F.2d 98 (3rd Cir 1989)         10

In Re Rutter Bush 34 B.R. 101 (E.D. Mich 1982)         9

In Re Scarsdale Tires, Inc 47 B.R. 478 (S.D.N.Y. 1985)         9

In Re Smith, 43 B.R. 313 (Bktrcy N.D. Ill 1984)         9

In Re Williams, 247 B.R. 449 (Bkrtcy E.D. Tenn 2000)         8

In Re Winer, 39 B.R. 504 (Bkrtcy S.D.N.Y. 1984)         8

Johnson v First Nat Bank of Montevideo Min, 719 F.2d 270 (8th Cir 1983)

    cert den 104 S.Ct 1015 (1984)         9

Leasco Data Processing Equipment Corp., v Atlas Shirt Co.,

    66 Misc2d 1089 (Civ Ct NY County 1971)         8

MHT v Goldstein, 25 A.D.2d 405 (1st Dept 1966)         8

United States v Pepperman, 976 F.2d 123 (3rd Cir 1992)         10

United States v Whiting Pools, 462 U.S. 198 (1983)         6,7

| | |
|---|---|
| 11 USC Section 105(a) | 10 |
| 11 USC Section 108(b) | 9 |
| 11 USC Section 361 | 4,10,11 |
| 11 USC Section 362 | 1,811 |
| 11 USC Section 362(c)(2)(B) | 2 |
| 11 USC Section 363. | 3,6,7,10 |
| 11 USC Sections 542 | 1,3,4,6,7,10 |
| 11 USC Section 1303 | 3 |
| 11 USC Section 1322 | 11 |
| 28 U.S.C. Section 158(a) | 1 |
| New York Uniform Commercial Code Section 9-609(b)(2) | 4 |
| New York Uniform Commercial Code Section 9-610 | 4 |
| New York Uniform Commercial Code Section 9-611 | 4 |
| New York Uniform Commercial Code Section 9-614 | 5,8,10 |
| New York Uniform Commercial Code Section 9-620 | 10 |
| New York Uniform Commercial Code Section 9-622 | 8 |
| New York Uniform Commercial Code Section 9-623 | 2,5,7,8,11 |
| New York Personal Property Law Section 301 et seq. | 11 |
| New York Personal Property Law Section 302(13)(g) | 11 |

## I    JURISDICTION OF THE COURT

This appeal is pursuant to 28 U.S.C. Section 158(a) from the Orders of Bankruptcy Judge Robert E. Littlefield, Jr. dated January 23, 2003 directing the Credit Union to turn over a certain vehicle under 11 USC Sections 542 to the debtor upon payment of adequate protection instead of redemption and denying the motion of the Credit Union under 11 USC Section 362 allowing it to retain the vehicle and provide notice of redemption and sale.

## II    STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW

The issue presented is whether the Bankruptcy Court erred in directing that Sefcu turn over a vehicle recovered pre petition upon a turnover order request and payment of adequate protection instead of redemption. The standard of review of appeal by this Court is a de novo review of conclusions of law and findings of fact under the clearly erroneous standard. In Re Ionosphere Clubs, Inc, 922 F.2d 984 (2nd Cir 1990).

## III    STATEMENT OF THE CASE

The facts in the case are undisputed. The State Employees Federal Credit Union, hereinafter Sefcu is a secured creditor of the debtor. Sefcu is secured by virtue of a Disbursement Voucher and Security Agreement dated October 16, 2000. Under the Agreement Sefcu advanced money to the debtor in the sum of $18,076.84. The debtor owed $13,393.42 at the time of the filing of the bankruptcy petition. Under the Agreement, the debtor pledged a 1999 Honda Accord as security. On January 20, 2003 which was one day prior to the filing of the Chapter 13 case, Sefcu repossessed the Accord because the debtor was in default in payments under the Agreement. The Chapter 13 Plan provided for monthly payments of $262.00 for 60 months each to the Trustee. The Chapter 13 Plan valued the vehicle at $10,650.00 and proposed to pay interest at 5.5%.

The debtor filed an order to Show cause for turnover of the vehicle. Sefcu filed a cross motion on an Order for shorted notice for termination of the stay provided by 11 USC Section 362 based on the fact that the only remaining right of the debtor in the Chapter 13 estate was the right to redeem.

The Bankruptcy Court ruled that the debtor was entitled to an Order for Turnover of the vehicle upon payment of adequate protection. To avoid extended litigation over that issue, the parties agreed as to what would constitute adequate protection. The Bankruptcy Court inadvertently issued separate orders relating to the Turnover and Cross Motion on the automatic stay. As a result, the record and briefs are identical in the cases before the Court on 1:03-CV-237 LEK and 1:03-CV-236 LEK

## IV   THE MATTER IS NOT MOOT BECAUSE THE CREDIT UNION CAN STILL RECOVER THE VEHICLE AND THE FACT PATTERN IS RECURRING

Sefcu addresses the issue of mootness for record purposes and based on prior appeals to the Second Circuit in other cases indicating such issues should be addressed. The debtor in this case is a Chapter 13 debtor. The debtor filed a Chapter 13 Petition on January 21, 2003. 11 USC Section 362(c)(2)(B) provides

> "the stay…under subsection (a) of this section continues until the earliest of – (C) if the case is a case under chapter 7 of this title concerning an individual or a case under Chapter 9, 12 or 13 …the time a discharge is granted or denied".

The Chapter 13 Plan has not been confirmed. Sefcu will file an objection to that confirmation and will appeal the confirmation order to preserve its rights against any res judicata effect from the Order. Sefcu did not seek to lift the automatic stay as an end to itself. Sefcu was in possession of the vehicle prior to the bankruptcy filing and sought to provide the debtor notice of sale or obtain the payoff of the account by virtue of redemption under New York Uniform Commercial Code Section 9-623.

The Bankruptcy Court by ordering the return of the vehicle under an Order for adequate protection (for purposes of the legal issue, the Credit Union agreed that if the Bankruptcy Court was correct in its position, adequate protection would consist of payment of repossession fees, storage fees and payments of $216.00 monthly), is forcing the Credit Union to give up its right of redemption and allowing the debtor to make payments monthly based on the value of the vehicle instead of the contract payoff with contract interest.

Sefcu's motion for relief of the automatic stay asked not only for the stay to be terminated but also asked for such other and further relief as the Bankruptcy Court deemed just and proper. Sefcu still argues that it was entitled to possession of the vehicle and the debtor had to redeem. The Bankruptcy Court continues the harm Sefcu. The debtor retains possession of the vehicle and is making payments to Sefcu, the very injury that Sefcu is attempting to redress in the appeal. This Court can grant the Sefcu effective relief if it agrees that the debtor must have paid Sefcu the redemption sum for turnover of the vehicle. On that assumption, the debtor never paid the redemption sum. Reversal of the Bankruptcy Court Orders would allow Sefcu to recover the vehicle subject to the debtor's right of redemption. See In Re Boodrow, 126 F.3d 43 (2nd Cir 1997) as to the issue of mootness.

In addition to the above, it is clear that mootness will not affect an appeal or subject it to dismissal when the subject matter is capable of and indeed will repeat itself in future matters. In this instance, unless the District Court addresses the matter, every time a repossession arises prior to the bankruptcy filing, the parties will be forced to litigate continuously whether a debtor must redeem by filing a turnover order to obtain possession by redemption or can simply file a turnover and payment monthly by virtue of adequate protection. The case is not moot.

## V    THE BANKRUPTCY COURT ERRED AS A MATTER OF LAW BY DIRECTING THE CREDIT UNION TURN OVER A VEHICLE RECOVERED PRE PETITION UPON PAYMENT OF ADEQUATE PROTECTION INSTEAD OF REDEMPTION

In the instant case it is beyond dispute that Sefcu recovered the vehicle pledged as collateral prior to the filing of the bankruptcy petition. The rights of the parties are fixed under State law.

The Bankruptcy Court relied on 11 USC Section 542, Turnover of property to the estate, to effectuate the transfer back to the debtor. That Section states so far as pertinent

> (a)    Except as provided in subsection (c) or (d), of this section, an entity, other than a custodian, in possession, custody or control, during the case, of property that the

3

trustee may use, sell or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee and account for, such property or the value of such property…

The Chapter 13 debtor is given the rights of a trustee pursuant to 11 USC Section 1303 for purposes of 11 USC Section 542 referencing 11 USC Section 363.

11 USC Section 363 states so far as pertinent that

"…(b)(1) The trustee, after notice and a hearing may use, sell or lease, other than in the ordinary course of business, property of the estate…"

The Bankruptcy Court erred because the debtor no longer had possession of the vehicle to "use, sell or lease" within the scope of 11 USC Section 363. Thus the Bankruptcy Court should not have ordered a turnover under 11 USC Section 542 upon the debtor providing adequate protection under 11 USC Section 361.

There is no Bankruptcy or Federal substantive law fixing the secured rights of the parties in the matter. The creation of the security interest itself and the substantive rights of the parties form under New York State law.

There is no factual dispute that the debtor was in default of paying Sefcu prior to the filing of the petition. There is no factual dispute that Sefcu recovered the vehicle prior to the filing of the bankruptcy petition. Sefcu acted properly in accordance with its rights as a secured creditor. New York Uniform Commercial Code Section 9-609 states that after default a secured party may take possession of the collateral. There is no prior notice required so long as the creditor does not breach the peace. New York Uniform Commercial Code Section 9-609(b)(2). Subsequent to recovery, a secured party may sell the collateral in a commercially reasonable manner. New York Uniform Commercial Code Section 9-610. To dispose of the collateral, the debtor must receive notice of the sale. New York Uniform Commercial Code Section 9-611. The notice for consumer goods must include a description of the liability due and contact

4

information for redemption of collateral if that right still exists. New York Uniform Commercial Code Section 9-614.

Debtors have limited rights once the vehicle is recovered. One of those rights as set forth in the notice prescribed by New York Uniform Commercial Code Section 9-614 may be the right to redeem. The right to redeem is pursuant to New York Uniform Commercial Code Section 9-623. That Section states

> 9-623. Right to Redeem Collateral
>
> (a) Persons that may redeem. A debtor, any secondary obligor, or any other secured party or lienholder may redeem collateral.
> (b) Requirements for redemption. To redeem collateral, a person shall tender:
>> (1) Fulfillment of all obligations secured by the collateral; and
>> (2) The reasonable expenses and attorney's fees described in Section 9-615(a)(1).
> (c) When redemption may occur. A Redemption may occur at any time before a secured party:
>> (1) Has collected collateral under Section 9-607;
>> (2) Has disposed of collateral or entered into a contract for its disposition under Section 9-610; or
>> (3) Has accepted collateral in full or partial satisfaction of the obligation it secures under Section 9-622.

Based on the above, once the collateral was recovered by Sefcu prior to the filing of the bankruptcy petition, all that remained was the debtor's right of redemption simply because the creditor had neither sold the collateral nor accepted it in satisfaction of the obligation.

A large part of the argument in the Bankruptcy Court focused on the decision of In Re Alberto, 271 B.R. 223 (N.D.N.Y. 2001). In that case, the Bankruptcy Court addressed a case in which the creditor had recovered a vehicle prior to filing but sold it afterward without termination of the automatic stay. The Bankruptcy Court held that the vehicle, even though recovered prior to the bankruptcy filing was property of the estate. The Bankruptcy Court

further found the creditor in willful violation of the automatic stay.  Judge Hurd correctly reversed the Bankruptcy Court.  He made clear that once a vehicle is recovered pre petition, the debtor no longer has a right to possession as property of the estate. The Court in <u>Alberto</u> stated

"…Once the lawful repossession occurred, <u>Alberto</u> no longer had the right to possess the vehicle; he merely retained the right pursuant to Section 9-506 to redeem it before the secured creditor disposed of it…"271 B.R. at 226.

In determining whether the creditor violated the automatic stay, Judge Hurd also examined what is property of the estate.  The Court noted that the automatic stay prohibits "any act to obtain possession of property of the estate or to exercise control over property of the estate.  The Court found the creditor did not violate the stay because it did not "act to obtain possession…or to exercise control" of the vehicle as property of the estate since it already had possession and controlled the vehicle when the stay went into effect.  271 B.R. at 226.

That issue is important, because as stated above, the Turnover Section of 11 USC Section 542 relied on by the debtor and the Bankruptcy Court relates to Bankruptcy Code Section 363.  That Section dealing with use, sale or lease of property in turn only relates to property of the estate.  Since Sefcu had possession of the collateral prior to the bankruptcy petition filing, the Bankruptcy Court erred in allowing the use of a procedural Turnover section of the Bankruptcy Code to effect the return of the collateral.  The lower Court was limited simply to requiring the Sefcu to provide the debtor with either the proper notice to redeem or to retain the collateral in satisfaction.

In <u>Alberto</u>, unlike the case at bar, the vehicle was sold prior to any turnover request by the debtor.   The District Court therefore held yet again that "…[o]nce the vehicle was lawfully sold, the right of redemption, which was property of the estate, expired…"271 at 227.

The debtor in the case at bar argued, and the Bankruptcy Court agreed, that based on citations by Judge Hurd to the cases of <u>United States v Whiting Pools</u>, 462 U.S. 198 (1983) and <u>In Re Barringer</u>, 244 B.R. 402 (Bankr E.D. Mich 1999), that the District Court recognized a

debtor's right to obtain possession of the collateral subject simply to whatever turnover provisions the bankruptcy court deemed appropriate under Section 363.

This part of Alberto should be revisited based on a more careful examination of the Court's review of State law and the actual rights of the parties as outlined in the New York Commercial Code. The State law is clear that once the vehicle was recovered prior to the bankruptcy filing, the only property right of the debtor remaining under Uniform Commercial Code Section 9-623 is the right of redemption. Nothing in Bankruptcy Code Sections 363 or 542 allow a Bankruptcy Court to take a debtor's mere right of redemption and transform it into a substantive right of possession on request. Section 542 is a procedural mechanism for turnover of property of the estate. It is not a substantive Section creating property of the estate.

The case of United States v Whiting Pools, Id, continues to vex creditors by debtors and courts prescribing to it broader rights than it really provided. That case dealt with a tax levy. With a tax levy the mere right to possession could be effected pursuant to a Turnover Order because the actual property remained property of the estate. The Court found that under Bankruptcy Code Section 542, an entity holding property of the estate which a trustee can use sell or lease under Section 363 allows the Court to order the return of property.

In the case at bar, the repossession prior to filing the bankruptcy petition transmutes the debtor's possessory rights to a mere right to redeem. The only thing that Whiting Pools stands for is that just because another person or entity has taken property as a general rule does not mean the property losses its interest as property of the estate. That is not the same with a pre petition repossession under New York law. Judge Hurd correctly held that the only property of the estate was the right of redemption. The Turnover provision of the Code could do no more than provide the debtor with the right of notice of the redemption. On this issue, even the District Court in Alberto confused its proper holding that the only right remaining was the right of redemption with the ability to use a mere procedural section of the Bankruptcy Code of Turnover to restore physical possession upon an affirmative request circumventing the very rights of the parties on what must be paid to effect that turnover.

7

Indeed, it was only because of the bankruptcy filing and affirmative request for Turnover that the debtor even still had a right of redemption. As stated above and set forth in the notice under New York Uniform Commercial Code Section 9-614 and substantive rule under Section 9-623, a creditor can given notice that it simply will retain the chattel in satisfaction of the claim. Such right is provided by New York Uniform Commercial Code Section 9-622.

Likewise, absent the turnover request by the debtor under which the creditor would give the notice of sale, the creditor can simply sell the vehicle with no notice or tendering of a right to redeem. It simply loses its right to an unsecured deficiency. In Re Excello Press, 83 B.R. 539 (Bkrtcy N.D. Ill 1988); MHT v Goldstein, 25 A.D.2d 405 (1st Dept 1966), Banker's Trust Co of Western NY v Steenburn, 95 Misc2d 967 (Sup Ct Chautauqua Cty 1978) affirmed 70 A.D.2d 786 (4th Dept 1979), Leasco Data Processing Equipment Corp., v Atlas Shirt Co., 66 Misc2d 1089 (Civ Ct NY County 1971); In Re Winer, 39 B.R. 504 (Bkrtcy S.D.N.Y. 1984).

Absent a request for a turnover order, which simply requires the creditor to turn over not the chattel but the lawful notices under the New York Uniform Commercial Code for right of redemption under Section 9-623 or acceptance under 9-622, the creditor can simply sell the chattel as it did in Alberto. The Courts cannot create property possession or even redemption rights once extinguished. Many debtors attempt to have the Courts restore substantive rights using procedural Sections of the Bankruptcy Code to no avail. Cf, In Re Galasso, 249 B.R. 55 (Bkrtcy S.D.N.Y. 2000)(after mortgage foreclosure, debtor appealed Order terminating automatic stay arguing he should have a right to refinance his mortgage. The Court properly refused to create new rights and held that under State law the debtor had lost all rights to the property); In Re Williams, 247 B.R. 449 (Bkrtcy E.D. Tenn 2000)(after foreclosure sale, debtor filed Chapter 13 case and sought to cure default under the Plan. The Court properly found that after the foreclosure sale, the property was not property of the estate pursuant to state law) See also In Re Massachusetts Automatic Transmissions, Inc, 35 B.R. 328 (Bkrtcy D. Mass 1983).

The same is true of leaseholds in that the Bankruptcy Court must look to state law to determine exactly what right is property of the estate. Thus where the lease was terminated prior to the bankruptcy filings, there was no property of the estate such that the automatic stay under 11 USC Section 362 could apply. Likewise, there would be no property of the estate allowing

8

the Court to Order a turnover of the leasehold. See <u>In Re Scarsdale Tires</u>, Inc 47 B.R. 478 (S.D.N.Y. 1985)(automatic stay inapplicable where lease was terminated prior to bankruptcy filing); <u>Bell v Alden Owners, Inc</u> 199 B.R. 451 (S.D.N.Y. 1986)(warrant of eviction issued pre petition terminated Chapter 13 debtor's right to any interest in possession of cooperative apartment);  <u>In Re Cohoes Indus Terminal Inc</u>, 62 B.R. 369 (Bkrtcy S.D.N.Y. 1986) aff'd 70 B.R. 214 (S.D.N.Y. 1986) aff'd 831 F.2d 283 (2nd Cir 1987) automatic stay cannot enjoin landlord from enforcing rights which it may claim with respect to property converted by lease where the debtor's interest was terminated prior to the bankruptcy filing).

Indeed, even the Bankruptcy Code places specific limitations on the Court with respect to extensions of time and rights of redemption. The Court's general equitable powers does not empower that Court to issue orders or effect the rights of the parties with respect to redemption for more than a 60 day period.  The specific bankruptcy code provision is a clear congressional command that rights of redemption can be stayed for no longer than 60 days and as such a provision furthers the Credit Union's position.   11 USC Section 108(b) provides so far as pertinent

> "…(b) Except as provided in subsection (a) of this section, if applicable non bankruptcy law, an order entered in a non bankruptcy proceeding, or an agreement…fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice or proof of claim or loss, cure a default or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure or perform as the case may be before the later of (1) the end of such period…(2) 60 days after the order for relief…"

Case law on this issue is well settled.  See <u>Johnson v First Nat Bank of Montevideo Min</u>, 719 F.2d 270 (8th Cir 1983) cert den 104 S.Ct 1015 (1984)(equitable powers of the Bankruptcy Court may not be invoked to toll or suspend the running of a statutory period of redemption created by state law in connection with real estate mortgage foreclosures absent fraud, mistake, accident or erroneous conduct); <u>In Re Glenn</u>, 760 F2d 1428 (6th Cir 1985); <u>In Re Rutter Bush</u> 34 B.R. 101 (E.D. Mich 1982); <u>In Re Smith</u>, 43 B.R. 313 (Bktrcy N.D. Ill 1984).

In the instant case there is no question the New York Uniform Commercial Code, which is applicable non bankruptcy law, sets forth specific time frames to respond to creditor notices such as would exist in the case at bar had the Court property terminated the stay. First, the debtor would have been given a Notice of Sale with various cure rights under New York Uniform Commercial Code 9-614. As discussed herein, the debtor has to be given a reasonable notification of that time frame to cure or retain. The New York Uniform Commercial Code Section 9-620 sets forth specific time frames under which the debtor must act.

Although not cited in its decision, it is clear that the Bankruptcy Court cannot have relied on 11 USC Section 105(a). The scope of that section is limited in that it supplements only powers specifically enumerated in the Bankruptcy Code. In Re Continental Airlines, 203 F.3d 203 (3rd Cir 2000). It does not, however, create substantive rights that otherwise are unavailable under the Code. In Re Morristown & Railroad Co. 885 F.2d 98 (3rd Cir 1989). The Bankruptcy Court does not have "free floating discretion" as a court of equity to rearrange rights in accordance with the Court's idiosyncratic view of what is fair and just, however enlightened the Court's view may be. United States v Pepperman, 976 F.2d 123 (3rd Cir 1992).

In the instant case, the Bankruptcy Court used a procedural section dealing with turnover of "property of the estate" to turn over the vehicle which was not property of the estate. Only the redemption right was the "property" of the estate. It does not matter that the Bankruptcy Court used its equitable powers to provide what it considered fair and just for the debtor to get the return of the vehicle without having to pay the redemption amount.

Even though the Bankruptcy Court provided adequate protection under 11 USC Section 361 for continuing payments, Sefcu was entitled to much more. 11 USC Section 361 states that

> "when adequate protection is required under section 362, 363 or 364, such adequate protection may be provided..."

But as discussed in this brief, requiring the procedural turnover under 11 USC Section 542 presumed the vehicle was property of the estate under 11 USC Section 363 for adequate protection purposes of Section 361. The vehicle was not property of the estate subject to

adequate protection payments on turnover. Under New York law at least, only the right of redemption was property of the estate. Rights of redemption cannot be substantively altered by the Court to the form of monthly payments under 11 USC Section 361 because the New York Uniform Commercial Code Section 9-623 tells the Bankruptcy Court what payment is required for redemption. Neither Bankruptcy Code Sections 105, 108, 361, 363 nor 542 provided the Bankruptcy Court with statutory authority to have changed that substantive right and amount.

Had the vehicle not been recovered pre petition, the issues would be simpler. The debtor would have had possession of the vehicle. The defaults could have simply been cured by payments under the Plan in accordance with 11 USC Section 1322. This is why so many debtor's file Chapter 13 to reorganize their debts due to mortgage holders that have not finalized the foreclosure, lease holders that have not terminated the lease and as in this case, vehicle financiers that have not recovered the vehicle and under New York law reduced the debtor's rights to redemption. This case is also unusual for its redemption requirement of full payment because the vast majority of vehicle sales are financed through Motor Vehicle Retail Instalment Agreements within the scope of the New York Personal Property Law Section 301 et seq. In such situations, the debtor would only have to tender the past due payments to redeem. New York Personal Property Law Section 302(13)(g).

Pursuant to 11 USC Section 362(d), on request of any party in interest and after notice and a hearing the court shall grant relief from the stay for cause. In the instant case, the Court erroneously granted the debtor's request for a turnover order. The Court should have terminated the stay and allowed the Credit Union to provide the debtor with the necessary notices under the New York Uniform Commercial Code.

## CONCLUSION

As a result of the above, the Court should reverse the Bankruptcy Court Orders and direct the automatic stay to be terminated to allow Sefcu to recover the vehicle absent the debtor immediately paying the outstanding contract balance as redemption under New York Uniform Commercial Code Section 9-623.

Dated: March 11, 2003

_____
Douglas M. Fisher

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

In re:

    AMY ROWE,

                **Debtor(s),**

STATE EMPLOYEES FEDERAL CREDIT UNION,

                **Appellant,**

    **-against-**

AMY ROWE,

                **Appellee.**

*AFFIDAVIT OF SERVICE BY MAIL*

Docket No. 1:03-CV-237LEK

Hon.

---

STATE OF NEW YORK )
COUNTY OF ALBANY ) ss.:

ARTHUR G. CHUANG, being duly sworn, deposes and says:

    1.  I am over the age of 18 years and am employed by Solomon and Solomon, P.C. herein.

    2.  I served the within copies of the Appellant's Brief upon:

Richard Croak
1450 Western Avenue
Albany, New York 12203

on the 12th day of March, 2003 in the following manner: by Regular First Class Mail, by depositing a true and correct copy of the same properly enclosed in a post-paid wrapper in the Official Depository maintained and exclusively controlled by the United States Post Office at Columbia Circle, Box 15019, Albany, New York, directed to said person, at said address mentioned above, that being the address within the state designated for that purpose upon the last

papers served in this action or the place here the above then resided or kept offices, according to the best information which can be conveniently obtained.

Arthur G. Chuang

Sworn to before me this
12th day of March, 2003

Notary Public

HEATHER N. FEUZ
Notary Public In The State Of New York
Qualified In Saratoga County
No. 01FE6037996
My Commission Expires March 6, 2006

2